GRADY *v.* GATLIN.

Opinion delivered September 22, 1930.

*M. P. Huddleston,* for appellant.

*N. F. Lamb,* for appellee.

SMITH, J. Appellant alleged, as constituting the cause of action here sued upon, the following facts. The defendants are the executors of the last will and testament of his uncle, Dr. N. H. Grady, who died testate in February, 1926. That on August 4, 1924, Dr. Grady sold him 22-2/3 shares of the capital stock of the Citizens' Independent Gin Company, of Monette, Arkansas, of the par value of $566.66, which sum was paid by plaintiff to Dr. Grady by a check dated January 6, 1925, but Dr. Grady had failed and neglected to transfer the stock,

and his executors now refuse to do so. It was prayed that the gin company, which was also made a defendant, be required to reissue the stock to plaintiff, and that the purchased stock outstanding in the name of Dr. Grady be canceled.

The gin company filed an answer disclaiming any interest in the litigation and offered to obey any order of the court in regard to the stock, and there was also tendered into court by the gin company certain dividends which had been earned.

The executors filed an answer, in which it was denied that Dr. Grady had sold any stock in the gin company to plaintiff, but admitted that Dr. Grady had, as a gift, "presented to the plaintiff ten (10) shares of stock, and, although these defendants have offered to have said ten (10) shares of stock covered by certificate issued to plaintiff, he has refused to receive the same."

Upon the final submission of the cause the chancellor found the facts to be that the plaintiff had not purchased any stock from Dr. Grady, but that "the defendants (the executors) have tendered to the plaintiff ten shares of stock in Citizens' Independent Gin Company in settlement of this suit, which plaintiff has refused and still refuses; that N. H. Grady, deceased, at one time had intended to give to plaintiff ten shares of said stock, but had never carried out his intention," and upon this finding the complaint was dismissed as being without equity.

The testimony in the case relates principally to a stockholders' meeting of the gin company which was held on August 4, 1924. In the minutes of the meeting, as written up by the secretary of the company, it was recited that "Dr. N. H. Grady announced that he wished to retire and, having selected H. D. Grady to represent his gin interest, suggested him as his successor," and that H. D. Grady was elected a director to succeed his uncle, Dr. N. H. Grady. The secretary admitted, however, that, while he had attended the stockholders' meet-

ing, he was absent from the place of meeting at the time Dr. Grady made the statement which led to the election of a director to succeed him, and that the portion of the minutes relating to this statement had been based upon statements made to the secretary by stockholders who had attended the entire meeting.

The depositions of a number of stockholders who were present at the meeting above referred to were taken about three years after the meeting was held, and this lapse of time accounts for the dimness of the recollection of the witnesses as to the exact statement which Dr. Grady then made, but the consensus of this testimony is that Dr. Grady then stated that he had given, or had sold, a portion, or all, of his stock to his nephew, and that he desired this nephew to be elected a director in his place.

Appellant offered in evidence a check dated January 6, 1925, for $566.66, which was payable to, and had been cashed by, Dr. Grady, upon the face of which there was written: "For Gin Stock." Appellant testified that this check was given in payment of the stock, but the chancellor found otherwise, and so do we. It appears that the corporation earned in 1924, and paid in January, 1925, a dividend of 100 per cent. Appellant received this dividend from the company and receipted for it, which was the exact amount remitted to Dr. Grady. The conclusion that this check was not received by Dr. Grady as payment for the stock upon a sale of it is confirmed by the disposition which appellant made of the dividend earned and paid for the year 1925. This dividend amounted to 50 per cent., all of which was remitted to Dr. Grady except the dividend on ten shares of the stock, which appellant retained.

The secretary of the corporation identified a letter which he had written to Dr. Grady on January 23, 1926, this being only a few days prior to Dr. Grady's death, which we think correctly recites the facts in regard to this stock. This letter reads in part as follows:

"Here is the exact standing of your and H. D.'s. position with gin company. You made certain statements to the body, setting out that you would like to have D. H. take your place; had sold him 10 shares of stock so that he would be a legal director. Later H. D. presented your letter to the board, which supported your statement to them; it was noted in minutes. While H. D. did not actually have his stock in hand, they felt him to be a legal director. The body felt that you had made them a wise and useful member, were glad to have him with them and sorry to see you go out. H. D. has also made them an entirely satisfactory officer, showing a wise judgment in matters of business. Being satisfied on the matter, the board has never called it up. As to issuing the 10 shares to H. D., they feel that 10 should be presented for cancellation before having the authority or right to issue the corporation stock. That is the only way they ever make a reissue. It will be entirely satisfactory with them to split up your holdings for you in any way you wish, but require equal amount to be placed in their hands for retirement. So you see you hold the matter of issuing that stock *entirely in your hands*. I could not put it out even if I wished."

We think it clear that the gin company and its officers regarded appellant as the owner of a part, at least, of the stock which Dr. Grady had owned; otherwise he would not have been elected a director. The transaction was something more than an unexecuted gift, although the stock was never actually transferred. There was some—although slight—consideration for the transaction. Dr. Grady's health failed, and he left his home and spent a considerable part of his time in Hot Springs, but desired appellant to succeed him as a director, and this was done. Appellant served as a director, and collected and remitted to Dr. Grady his dividends.

We conclude, therefore, that the equity of the case requires that ten shares of this stock be reissued to ap-

pellant, and it is ordered that this be done. But, inasmuch as appellant might have had this relief without suit, and might have had this relief in the court below without prosecuting this appeal, it is further ordered that he pay all costs, including the costs upon this appeal.